1  RACHEL KREVANS (CA SBN 116421)
   RKrevans@mofo.com
2  NATHAN B. SABRI (CA SBN 252216)
   NSabri@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  Attorneys for Plaintiff
   CORNING OPTICAL COMMUNICATIONS WIRELESS
7  LTD.

8

                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                         SAN JOSE DIVISION
11

12
   CORNING OPTICAL COMMUNICATIONS            Case No.
13 WIRELESS LTD., an Israeli corporation,
                                             **COMPLAINT FOR PATENT
14              Plaintiff,                    INFRINGEMENT**

15        v.                                  **DEMAND FOR JURY TRIAL**

16 LGC WIRELESS, INC. a California corporation;
   ADC TELECOMMUNICATIONS, INC., a
17 Minnesota corporation; and TE CONNECTIVITY
   LTD., a Swiss corporation.
18
                Defendants.
19

20

21        Plaintiff Corning Optical Communications Wireless Ltd. ("Corning Wireless"), for its

22 Complaint against Defendants LGC Wireless, Inc. ("LGC"), ADC Telecommunications, Inc.

23 ("ADC"), and TE Connectivity Ltd. ("TEC"), alleges and states as follows:

24                              **THE PARTIES**

25        1.      Corning Wireless is a corporation organized under the laws of the country of Israel

26 with its principal place of business in Airport City, Israel.

27        2.      Upon information and belief, LGC is a California corporation with offices in San

28 Jose, California.

                                                                                          1

   sf-3571703

3.     Upon information and belief, LGC was acquired by ADC in 2007 and has since been operated as a subsidiary of ADC.

4.     Upon information and belief, ADC is a Minnesota corporation with offices in Eden Prairie, Minnesota and in San Jose, California.

5.     Upon information and belief, ADC was acquired by TEC in 2010 and has since been operated as a subsidiary of TEC.

6.     Upon information and belief, TEC is a corporation organized under the laws of the country of Switzerland with offices in Schaffhausen, Switzerland.

**JURISDICTION AND VENUE**

7.     This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* This action is brought pursuant to 35 U.S.C. § 271, *et seq.*

8.     The amount in controversy exceeds $75,000, excluding interest and costs.

9.     This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

10.    This Court has personal jurisdiction over LGC because, *inter alia*, LGC's business activities in California are continuous and systematic and LGC has caused injury in California by its sales, offers to sell, use and/or installation of infringing products in California, as further set out below.

11.    This Court has personal jurisdiction over ADC because, *inter alia*, ADC's business activities in California are continuous and systematic and ADC has caused injury in California by its sales, offers to sell, use and/or installations of  infringing products in California, as further set out below.

12.    This Court has personal jurisdiction over TEC because, *inter alia*, TEC's business activities in California are continuous and systematic and TEC has caused injury in California by its sales, offers to sell, use and/or installation of infringing products in California, as further set out below.

13.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(c), and 1400 because, *inter alia*, personal jurisdiction over the Defendants is proper in this District.

sf-3571703

2

14.     Upon information and belief, each of the Defendants has made, used, sold, offered for sale and/or imported into the United States Distributed Antenna Systems ("DAS") products.

15.     Upon information and belief, one of the DAS products made, used, sold, offered for sale and/or imported into the United States by the Defendants is the InterReach Fusion DAS product.

16.     Each of the Defendants has been and/or is engaged in competition with Corning Wireless in the United States DAS market.

### CORNING WIRELESS' BUSINESS AND INTELLECTUAL PROPERTY

17.     Corning Wireless manufactures and sells, *inter alia*, communications systems, including DAS.  Corning Wireless' communications systems, including its DAS, are exclusively distributed in the United States through Corning Optical Communications Wireless Inc., a Delaware corporation with its principal place of business in Herndon, Virginia.

18.     Corning Wireless is the owner of U.S. Patent No. 5,969,837 ("the '837 patent"), which is directed to communications systems.

19.     Corning Wireless is the owner of U.S. Patent No. 7,822,148 ("the '148 patent"), which is directed to MIMO-adapted DAS.

### THE DEFENDANTS' KNOWLEDGE OF THE '837 AND '148 PATENTS

20.     On or about November 7, 2011, if not earlier, Corning Wireless provided the Defendants with actual notice of the '837 patent and of the Defendants' infringement of the '837 patent.

21.     On or about March 28, 2012, if not earlier, Corning Wireless provided the Defendants with actual notice of the '148 patent and of the Defendants' infringement of the '148 patent.

22.     Upon information and belief, the Defendants possessed knowledge and understanding of the '837 and '148 patents and their contents prior to at least some of the accused acts of infringement.

### FIRST CAUSE OF ACTION

(Infringement of U.S. Patent No. 5,969,837)

sf-3571703

23.     Corning Wireless incorporates the allegations of Paragraphs 1 through 22 above as if fully set forth herein.

24.     LGC directly infringes and/or has directly infringed at least one claim of the '837 patent, and will continue to directly infringe at least one claim of the '837 patent by making, using, selling, offering for sale, and/or importing one or more DAS products, including its InterReach Fusion DAS products, all in violation of 35 U.S.C. § 271(a).

25.     Upon information and belief, LGC has provided customers, potential customers, and/or end users with instructions on the configuration and operation of one or more DAS products, including its InterReach Fusion DAS products, in a manner that infringes at least one claim of the '837 patent.

26.     Upon information and belief, LGC has provided customers, potential customers, and/or end users with such instructions with knowledge of the '837 patent and a specific intent that one or more DAS products, including at least its InterReach Fusion DAS products, will be configured and used in a manner that infringes at least one claim of the '837 patent.

27.     LGC has and/or continues to indirectly infringe and will continue to indirectly infringe the '837 patent by inducing infringement by others, in violation of 35 U.S.C. § 271(b).

28.     Upon information and belief, one or more LGC DAS products, including its InterReach Fusion DAS products, are not staple articles or commodities of commerce suitable for any substantial uses that do not infringe the '837 patent.

29.     Upon information and belief, LGC has made, used, sold, offered for sale and/or imported one or more DAS products, including its InterReach Fusion DAS products, with knowledge that the DAS products are especially adapted for use in a manner that infringes at least one claim of the '837 patent.

30.     LGC has indirectly infringed and will continue to indirectly infringe at least one claim of the '837 patent by contributing to the direct infringement by others, in violation of 35 U.S.C. § 271(c).

31.     LGC will continue to directly and/or indirectly infringe the '837 patent unless enjoined by this Court.

4

1    32.    Corning Wireless has suffered and will continue to suffer monetary damages as a

2    result of LGC's infringing activities.

3    33.    Corning Wireless has suffered and will continue to suffer irreparable harm as a

4    result of LGC's infringing activities.

5    34.    LGC's infringements of the '837 patent have been with actual knowledge of the

6    '837 patent and, thus, have been willful.

7    35.    ADC directly infringes and/or has directly infringed at least one claim of the '837

8    patent, and will continue to directly infringe at least one claim of the '837 patent by making,

9    using, selling, offering for sale, and/or importing one or more DAS products, including its

10   InterReach Fusion DAS products, all in violation of 35 U.S.C. § 271(a).

11   36.    Upon information and belief, ADC has provided customers, potential customers,

12   and/or end users with instructions on the configuration and operation of one or more DAS

13   products, including its InterReach Fusion DAS products, in a manner that infringes at least one

14   claim of the '837 patent.

15   37.    Upon information and belief, ADC has provided customers, potential customers,

16   and/or end users with such instructions with knowledge of the '837 patent and a specific intent

17   that one or more DAS products, including at least its InterReach Fusion DAS products, will be

18   configured and used in a manner that infringes at least one claim of the '837 patent.

19   38.    ADC has and/or continues to indirectly infringe and will continue to indirectly

20   infringe the '837 patent by inducing infringement by others, in violation of 35 U.S.C. § 271(b).

21   39.    Upon information and belief, one or more ADC DAS products, including its

22   InterReach Fusion DAS products, are not staple articles or commodities of commerce suitable for

23   any substantial uses that do not infringe the '837 patent.

24   40.    Upon information and belief, ADC has made, used, sold, offered for sale and/or

25   imported one or more DAS products, including its InterReach Fusion DAS products, with

26   knowledge that the DAS products are especially adapted for use in a manner that infringes at least

27   one claim of the '837 patent.

28

sf-3571703

5

41.     ADC has indirectly infringed and will continue to indirectly infringe at least one claim of the '837 patent by contributing to the direct infringement by others, in violation of 35 U.S.C. § 271(c).

42.     ADC will continue to directly and/or indirectly infringe the '837 patent unless enjoined by this Court.

43.     Corning Wireless has suffered and will continue to suffer monetary damages as a result of ADC's infringing activities.

44.     Corning Wireless has suffered and will continue to suffer irreparable harm as a result of ADC's infringing activities.

45.     ADC's infringements of the '837 patent have been with actual knowledge of the '837 patent and, thus, have been willful.

46.     TEC directly infringes and/or has directly infringed at least one claim of the '837 patent, and will continue to directly infringe at least one claim of the '837 patent by making, using, selling, offering for sale, and/or importing one or more DAS products, including its InterReach Fusion DAS products, all in violation of 35 U.S.C. § 271(a).

47.     Upon information and belief, TEC has provided customers, potential customers, and/or end users with instructions on the configuration and operation of one or more DAS products, including its InterReach Fusion DAS products, in a manner that infringes at least one claim of the '837 patent.

48.     Upon information and belief, TEC has provided customers, potential customers, and/or end users with such instructions with knowledge of the '837 patent and a specific intent that one or more DAS products, including its InterReach Fusion DAS products, will be configured and used in a manner that infringes at least one claim of the '837 patent.

49.     TEC has and/or continues to indirectly infringe and will continue to indirectly infringe the '837 patent by inducing infringement by others, in violation of 35 U.S.C. § 271(b).

50.     Upon information and belief, one or more TEC DAS products, including its InterReach Fusion DAS products, are not staple articles or commodities of commerce suitable for any substantial uses that do not infringe the '837 patent.

51.     Upon information and belief, TEC has made, used, sold, offered for sale and/or imported one or more DAS products, including its InterReach Fusion DAS products, with knowledge that the DAS products are especially adapted for use in a manner that infringes at least one claim of the '837 patent.

52.     TEC has indirectly infringed and will continue to indirectly infringe at least one claim of the '837 patent by contributing to the direct infringement by others, in violation of 35 U.S.C. § 271(c).

53.     TEC will continue to directly and/or indirectly infringe the '837 patent unless enjoined by this Court.

54.     Corning Wireless has suffered and will continue to suffer monetary damages as a result of TEC's infringing activities.

55.     Corning Wireless has suffered and will continue to suffer irreparable harm as a result of TEC's infringing activities.

56.     TEC's infringements of the '837 patent have been with actual knowledge of the '837 patent and, thus, have been willful.

57.     Corning Wireless is entitled to all remedies at law and equity, including, but not limited to, an injunction pursuant to 35 U.S.C. § 283.

58.     Corning Wireless is entitled to damages for the Defendants' direct and/or indirect infringements, including, but not limited to, all damages available at law and equity, including damages pursuant to 35 U.S.C. §§ 284 and 285.

## SECOND CAUSE OF ACTION

### (Infringement of U.S. Patent No. 7,822,148)

59.     Corning Wireless incorporates the allegations of Paragraphs 1 through 58 above as if fully set forth herein.

60.     LGC directly infringes and/or has directly infringed at least one claim of the '148 patent, and will continue to directly infringe at least one claim of the '148 patent by making, using, selling, offering for sale, and/or importing one or more DAS products, including its InterReach Fusion DAS products, all in violation of 35 U.S.C. § 271(a).

sf-3571703

7

61.     Upon information and belief, LGC has provided customers, potential customers, and/or end users with instructions on the configuration and operation of one or more DAS products, including its InterReach Fusion DAS products, in a manner that infringes at least one claim of the '148 patent.

62.     Upon information and belief, LGC has provided customers, potential customers, and/or end users with such instructions with knowledge of the '148 patent and a specific intent that one or more DAS products, including at least its InterReach Fusion DAS products, will be configured and used in a manner that infringes at least one claim of the '148 patent.

63.     LGC has and/or continues to indirectly infringe and will continue to indirectly infringe the '148 patent by inducing infringement by others, in violation of 35 U.S.C. § 271(b).

64.     Upon information and belief, one or more LGC DAS products, including its InterReach Fusion DAS products, are not staple articles or commodities of commerce suitable for any substantial uses that do not infringe the '148 patent.

65.     Upon information and belief, LGC has made, used, sold, offered for sale and/or imported one or more DAS products, including its InterReach Fusion DAS products, with knowledge that the DAS products are especially adapted for use in a manner that infringes at least one claim of the '148 patent.

66.     LGC has indirectly infringed and will continue to indirectly infringe at least one claim of the '148 patent by contributing to the direct infringement by others, in violation of 35 U.S.C. § 271(c).

67.     LGC will continue to directly and/or indirectly infringe the '148 patent unless enjoined by this Court.

68.     Corning Wireless has suffered and will continue to suffer monetary damages as a result of LGC's infringing activities.

69.     Corning Wireless has suffered and will continue to suffer irreparable harm as a result of LGC's infringing activities.

70.     LGC's infringements of the '148 patent have been with actual knowledge of the '148 patent and, thus, have been willful.

sf-3571703

8

71.     ADC directly infringes and/or has directly infringed at least one claim of the '148 patent, and will continue to directly infringe at least one claim of the '148 patent by making, using, selling, offering for sale, and/or importing one or more DAS products, including its InterReach Fusion DAS products, all in violation of 35 U.S.C. § 271(a).

72.     Upon information and belief, ADC has provided customers, potential customers, and/or end users with instructions on the configuration and operation of one or more DAS products, including its InterReach Fusion DAS products, in a manner that infringes at least one claim of the '148 patent.

73.     Upon information and belief, ADC has provided customers, potential customers, and/or end users with such instructions with knowledge of the '148 patent and a specific intent that one or more DAS products, including at least its InterReach Fusion DAS products, will be configured and used in a manner that infringes at least one claim of the '148 patent.

74.     ADC has and/or continues to indirectly infringe and will continue to indirectly infringe the '148 patent by inducing infringement by others, in violation of 35 U.S.C. § 271(b).

75.     Upon information and belief, one or more ADC DAS products, including its InterReach Fusion DAS products, are not staple articles or commodities of commerce suitable for any substantial uses that do not infringe the '148 patent.

76.     Upon information and belief, ADC has made, used, sold, offered for sale and/or imported one or more DAS products, including its InterReach Fusion DAS products, with knowledge that the DAS products are especially adapted for use in a manner that infringes at least one claim of the '148 patent.

77.     ADC has indirectly infringed and will continue to indirectly infringe at least one claim of the '148 patent by contributing to the direct infringement by others, in violation of 35 U.S.C. § 271(c).

78.     ADC will continue to directly and/or indirectly infringe the '148 patent unless enjoined by this Court.

79.     Corning Wireless has suffered and will continue to suffer monetary damages as a result of ADC's infringing activities.

80.     Corning Wireless has suffered and will continue to suffer irreparable harm as a result of ADC's infringing activities.

81.     ADC's infringements of the '148 patent have been with actual knowledge of the '148 patent and, thus, have been willful.

82.     TEC directly infringes and/or has directly infringed at least one claim of the '148 patent, and will continue to directly infringe at least one claim of the '148 patent by making, using, selling, offering for sale, and/or importing one or more DAS products, including its InterReach Fusion DAS products, all in violation of 35 U.S.C. § 271(a).

83.     Upon information and belief, TEC has provided customers, potential customers, and/or end users with instructions on the configuration and operation of one or more DAS products, including its InterReach Fusion DAS products, in a manner that infringes at least one claim of the '148 patent.

84.     Upon information and belief, TEC has provided customers, potential customers, and/or end users with such instructions with knowledge of the '148 patent and a specific intent that one or more DAS products, including at least its InterReach Fusion DAS products, will be configured and used in a manner that infringes at least one claim of the '148 patent.

85.     TEC has and/or continues to indirectly infringe and will continue to indirectly infringe the '148 patent by inducing infringement by others, in violation of 35 U.S.C. § 271(b).

86.     Upon information and belief, one or more TEC DAS products, including its InterReach Fusion DAS products, are not staple articles or commodities of commerce suitable for any substantial uses that do not infringe the '148 patent.

87.     Upon information and belief, TEC has made, used, sold, offered for sale and/or imported one or more DAS products, including its InterReach Fusion DAS products, with knowledge that the DAS products are especially adapted for use in a manner that infringes at least one claim of the '148 patent.

88.     TEC has indirectly infringed and will continue to indirectly infringe at least one claim of the '148 patent by contributing to the direct infringement by others, in violation of 35 U.S.C. § 271(c).

89.     TEC will continue to directly and/or indirectly infringe the '148 patent unless enjoined by this Court.

90.     Corning Wireless has suffered and will continue to suffer monetary damages as a result of TEC's infringing activities.

91.     Corning Wireless has suffered and will continue to suffer irreparable harm as a result of TEC's infringing activities.

92.     TEC's infringements of the '148 patent have been with actual knowledge of the '148 patent and, thus, have been willful.

93.     Corning Wireless is entitled to damages for the Defendants' direct and/or indirect infringements, including, but not limited to, all damages available at law and equity, including damages pursuant to 35 U.S.C. §§ 284 and 285.

94.     Corning Wireless is entitled to all remedies at law and equity, including, but not limited to, an injunction pursuant to 35 U.S.C. § 283.

## JURY DEMAND

95.     Corning Wireless requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Corning Wireless prays that this Court grant the following relief:

A.     Enter judgment in favor of Corning Wireless and against the Defendants on all claims, counterclaims, and defenses at issue in this dispute, and hold that the Defendants have directly and/or indirectly infringed the '837 patent and/or the '148 patent;

B.     Preliminarily and permanently enjoin the Defendants and their officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the Order ("their Affiliates") from manufacturing, using, offering for sale, selling and/or importing devices which infringe the '837 patent and the '148 patent and from contributing to or inducing infringement of the '837 patent and the '148 patent;

C.     Award Corning Wireless monetary damages adequate to compensate it for the Defendants' infringements of the '837 patent and/or the '148 patent, direct or indirect, consistent with 35 U.S.C. § 284 and to the fullest extent allowed by law;

sf-3571703

11

1    D.    Declare this case exceptional and award up to and including treble the amount of

2  damages, together with fees, costs, and prejudgment interest;

3    E.    Award Corning Wireless its costs and expenses of this suit, including reasonable

4  attorneys' and expert fees, pursuant to 35 U.S.C. § 285; and

5    F.    Award Corning Wireless all other just and proper relief.

6

7  Dated: August 31, 2015                RACHEL KREVANS
                                         NATHAN B. SABRI
8                                        MORRISON & FOERSTER LLP

9

10                                       By: /s/ Rachel Krevans
                                             RACHEL KREVANS
11
                                         Attorneys for Plaintiff
12                                       CORNING OPTICAL
                                         COMMUNICATIONS WIRELESS
13                                       LTD.

14

15  **OF COUNSEL:**

16  Paul B. Hunt
    Joshua P. Larsen
17  BARNES & THORNBURG LLP
    11 South Meridian Street
18  Indianapolis, IN 46204

19

20

21

22

23

24

25

26

27

28

sf-3571703

12